**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-1876**

———————

ATHENA E. PARSONS,

Plaintiff - Appellant,

versus

MICHAEL W. WYNNE, Secretary of the Air Force,

Defendant - Appellee.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Henry Coke Morgan, Jr., Senior District Judge. (4:05-cv-00036-HCM)

———————

Submitted: February 5, 2007          Decided:  March 9, 2007

———————

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Athena E. Parsons, Appellant Pro Se.  Kent Pendleton Porter, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Athena E. Parsons appeals the district court's order granting summary judgment in favor of Michael W. Wynne, Secretary of the Air Force, on Parsons' claim of retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2000). On appeal, Parsons argues that the district court should have granted her motion to defer a decision on Wynne's motion to dismiss or for summary judgment until after the Supreme Court issued Burlington N. & Santa Fe Ry. v. White, 126 S. Ct. 2405 (2006). She asserts that under the standard articulated in Burlington, the district court erred in finding she did not allege an adverse employment action sufficient to state a claim of retaliation under Title VII. Finding no error, we affirm.

The district court did not err or abuse its discretion in denying Parsons' motion to defer; it had no way of knowing the Supreme Court would render the Burlington decision only three weeks after its decision on Wynne's motion. Moreover, the district court correctly observed it was speculative to assume the Supreme Court's decision would alter the prevailing law in this circuit for evaluating a retaliation claim brought under Title VII.

An appellate court, however, applies the law as it exists at the time of the appeal. See, e.g., Thorpe v. Housing Auth. of Durham, 339 U.S. 268, 281 (1969). Assuming for purposes of this

- 2 -

appeal that the Burlington standard applies to retaliation claims brought by federal employees, we nevertheless affirm.

To state a prima facie claim for retaliation, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington, 126 S. Ct. at 2415 (internal quotations and citations omitted). Parsons points to several actions by her supervisors that she claims amount to "materially adverse" employment actions. Because she failed to present these actions to the district court, however, we will not consider them on appeal. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993). Moreover, the district court held that Parsons did not establish a prima facie case of retaliation with regard to three allegations because she could not prove a causal connection between the challenged actions and her prior protected activity, or because she did not establish she was actually entitled to the claimed benefit. Because Parsons does not challenge these holdings on appeal, we do not consider them. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

With regard to the two remaining actions that Parsons properly presented to the district court and preserved for appellate review, we conclude that even under the Burlington standard, she is unable

to establish a prima facie case of retaliation with respect to either of them.  Neither her May 2002 performance evaluation nor her removal from the alternate work schedule would have "dissuaded a reasonable worker from making or supporting a charge of discrimination."  <u>Burlington</u>, 126 S. Ct. at 2415.  Accordingly, we affirm the district court's order granting summary judgment in favor of Wynne on Parsons' retaliation claim.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>